FILED
BRADFORD L. DOLTON
CLERK
2012 JAN -4  PM 4:48
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: <br><br> ROTH, JOSEPH ANTHONY <br> EIN/SSN: xxx-xx-3705 <br><br> Debtor(s) | Case No. 11-34121-MER <br><br> Chapter 7 |
| TASHEENA POLANCO, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH ANTHONY ROTH, <br><br> Defendant. | Adv. Proc. No. 12 1010 MER |

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS PURSUANT TO 11 U.S.C. § 523

COMES NOW, Plaintiff Tasheena Polanco ("Plaintiff" or "Polanco"), by and through her attorneys, the Traylor Law Group, LLC, and for her Complaint Objecting to Dischargeability of Indebtedness Pursuant to 11 U.S.C. § 523 ("Complaint"), states as follows:

### PARTIES

1.  Defendant Joseph Anthony Roth ("Defendant," "Debtor" or "Roth") filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 12, 2011.

2.  Defendant resides at 13543 Windom Lane, Broomfield, Colorado 80023.

3.  Plaintiff Tasheena Polanco is an individual resident of Colorado, residing in the City of Northglenn, State of Colorado.

### JURISDICTION AND VENUE

4. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1334.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This matter is properly brought as an adversary proceeding under FED. R. BANKR. P. 7001(6).

## GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

8. This is an adversary proceeding initiated to determine the dischargeability of indebtedness pursuant to 11 U.S.C. § 523(a)(6).

9. Defendant's first meeting of creditors pursuant to 11 U.S.C. § 341 was conducted on November 10, 2011.

10. The last date for Plaintiff to file a complaint objecting to dischargeability of indebtedness is January 9, 2012.

## FACTUAL BACKGROUND

11. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

12. Defendant is the owner and sole proprietor of Roth's Auto, an automotive repair shop and U-Haul rental business located at 1690 East 112th Avenue, Northglenn, Colorado 80233.

13. Plaintiff was hired by Defendant on May 12, 2009, as a U-Haul Representative and Shop Cleaner.

14. Plaintiff's work environment was permeated with inappropriate sexual remarks, harassment and discrimination for the entire period of her employment.

15. On her first day of work, Defendant asked Plaintiff if she had a boyfriend. He also asked her if she "liked to party."

16. Defendant made frequent references to Plaintiff's breasts. Specifically, he told Plaintiff prior to hiring her that he "liked her boobs." On one occasion, while Plaintiff leaned across a desk to clean it, Defendant remarked, "Look what's on the desk." When a former employee of Roth's Auto came to the shop, Defendant stated, "Look, Larry, your replacement has boobs."

17. One day, as Plaintiff was cleaning a glass window, Defendant approached the other side of the glass and licked the glass across from Plaintiff's breasts.

18. On another occasion, while Plaintiff was bent over cleaning a vehicle, Defendant came over and stated, "I just came by because I heard you were showing some major thong-age."

19. Defendant regularly described his own sexual conduct to Plaintiff, including visiting strip clubs, paying women for sex, having sex in the shop and trading car repair services for sexual favors.

20. Defendant described one particular occasion in which he and two other employees of Roth's Auto paid a woman to perform sexual acts, including oral sex, on each of them. Defendant also stated that he had been to "whore houses" and that he knew of a place where he could pick from "new, hot Hispanic girls" for forty dollars. Plaintiff is Hispanic.

21. One day, Defendant showed Plaintiff a condom and told her he was going to a strip club after work.

22. Defendant made unwelcome and inappropriate sexual contact with Plaintiff multiple times.

23. In one instance, while giving Plaintiff a high five, Defendant bumped her breast with his elbow, and then stated, "Ooh, let's try that one more time."

24. Another time, while he and Plaintiff were using the computer, Defendant reached between her legs to throw away some trash. As he pulled his hand back, he brushed his hand across her crotch, then smelled his hand and stated, "Thanks."

25. Defendant asked Plaintiff to give him massages several times during her employment. His first request occurred on Plaintiff's first day of work, May 12, 2009, and his final request occurred on June 6, 2009.

26. Only two days after Plaintiff refused Defendant's final request for a massage, Defendant terminated Plaintiff on June 8, 2009.

27. Plaintiff filed a Charge of Discrimination with the Colorado Civil Rights Division ("CCRD"), alleging sexual harassment and discrimination. On May 5, 2010, the CCRD issued a finding of probable cause.

28. On May 12, 2010, Plaintiff filed a civil action against Defendant in the District Court for Adams County, Case No. 2010CV832. Her claims included battery, intrusion, sexual harassment and discrimination, and wrongful termination in violation of public policy.

29. Pursuant to her civil action, Plaintiff took Defendant's deposition on September 8, 2011. During the deposition, Defendant admitted to the majority of the conduct described above. He attempted to justify his reprehensible behavior by claiming that Plaintiff deserved the mistreatment he inflicted upon her because she "dressed provocatively." Defendant went on to say that some women deserve to be raped if they dress a certain way.

30.     Defendant also admitted during his deposition that he intended to file for bankruptcy, and that his only reason for doing so was to avoid court and any liability in Plaintiff's civil action.

## FIRST CLAIM FOR RELIEF
### (Denial of Dischargeability of Indebtedness pursuant to 11 U.S.C. § 523(a)(6))

31.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

32.     Defendant's actions and omissions were intentional and were substantially certain to cause injury to Plaintiff.

33.     Defendant's actions and omissions described above caused deliberate harm to Plaintiff.

34.     The indebtedness due and owing from Defendant to Plaintiff is the result of willful and malicious conduct of Defendant causing injury to Plaintiff.

WHEREFORE, Plaintiff prays that the court determine Defendant's indebtedness to Plaintiff is nondischargeable in this bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(6).

DATED this 4th day of January, 2012.

Respectfully submitted,

Traylor Law Group, LLC

_____
Whitney C. Traylor
Brice P. Kindred
Craig T. Truitt
1721 High Street
Denver, CO 80218
Phone: (303) 321-1862
Facsimile: (303) 837-1214

**ATTORNEYS FOR PLAINTIFF**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 12-1010 MER |
|---|---|
| **PLAINTIFFS** <br> TASHEENA POLANCO | **DEFENDANTS** <br> JOSEPH ANTHONY ROTH |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Traylor Law Group, LLC <br> 1721 High Street, Denver, CO 80218, 303-321-1862 | **ATTORNEYS** (If Known) <br> Robert C. Wolf <br> P.O. Box 1875, Arvada, CO 80001, 303-450-1665 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to dischargeability of indebtedness pursuant to 11 U.S.C. Sec. 523(a)(6).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
Determination that Defendant's indebtedness to Plaintiff is nondischargeable in this bankruptcy proceeding.

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Joseph A. Roth | | BANKRUPTCY CASE NO.<br>11-34121-MER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Colorado | | DIVISION OFFICE | NAME OF JUDGE<br>Michael E. Romero |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/signature/* | | | |
| DATE<br>January 4, 2012 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Whitney C. Traylor | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.