UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OFCOLORADO

In re: )
Polanco v. Roth )
)                        Bankruptcy Case    11-34121-MER
)                        No.:  Chapter       7
)                        Adversary No.:     12-01010-MER
Tasheena Polanco )
      Plaintiff )
)
v. )
)
Joseph A. Roth )
      Defendant )

---

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Defendant, Joseph Roth, moves the Court to enter summary judgment in Defendant's

favor dismissing Plaintiff's complaint.[1]

### Undisputed Facts

1.  The complaint lists several allegations regarding Joseph Roth's (hereinafter "Roth")

conduct and comments directed to Tasheena Polanco during her employment at Roth

Auto.  Mr. Roth has submitted an affidavit addressing those allegations. *See* Affidavit of

Joseph A. Roth, attached hereto as Exh. A.

2.  The complaint generically alleges "injury" and "harm" without any detail as to the

type of injury or harm (e.g., physical, mental or emotional). *See* Doc. 1, Complaint ¶ ¶

32-34.

---

[1] CERTIFICATION:  Prior to filing this motion, Defendant has conferred with Plaintiff's counsel regarding this
motion.  Plaintiff objects to this motion.

1

3. Ms. Polanco, in response to interrogatories, states:

> Ms. Polanco has sustained severe emotional distress as a result of the physical conduct from Mr. Roth and his constant sexual harassment. She has developed significant anxiety and a fear of persons of authority since the time of her employment at Roth's Auto. In particular, Ms. Polanco has become very nervous and uncomfortable when interacting with unfamiliar males. This condition has contributed to Ms. Polanco's inability to secure employment subsequent to her termination from Roth's Auto. Ms. Polanco has experienced, and continues to experience, fear, anxiousness, sadness, and hurt as a result of Mr. Roth's unlawful actions. Ms. Polanco still gets upset and cries when she thinks about the horrible experience she endured while employed by the Defendant.

*See* Plaintiff's Responses to Defendant's First Set of Interrogatories, Exh. B ¶9.

4. Despite the alleged severity of her emotional distress, Ms. Polanco has not seen any medical providers (psychologists, psychiatrists or counselors) and has not received or taken any medication for her alleged distress. *Id.* ¶¶11, 12.

6. Nonetheless, Roth's words and conduct were not intended to injure Ms. Polanco. In other words, Roth did not have an actual intent to injure Ms. Polanco under any circumstances. *See* Exh. A, Affidavit of Joseph A. Roth, ¶ 10.

7. Prior to the employment of Ms. Polanco, Roth had never met Ms. Polanco (i.e, they never had a personal relationship). *Id*, ¶ 8.

8. Prior to and during the course of Ms. Polanco's employment, Roth did not have any dislike of or animus toward Ms. Polanco. *Id*, ¶ 9.

2

9. Furthermore, Roth did not desire to injure or harm Ms. Polanco nor did he believe that any injury to Ms. Polanco was substantially certain to result from his acts or comments. *Id*, ¶ 11.

## **Argument**

I.      Standard of Review.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Byers v. City of Albuquerque* 150 F.3d 1271, 1274 (10th Cir. 1998).

Although the movant must show the absence of a genuine issue of material fact, he or she need not negate the nonmovant's claim. *See, e.g., Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir. 1996). Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." *Id.* "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). If there is no genuine issue of material fact in dispute, the court determines whether, as a matter of the substantive law, the movant is entitled to summary judgment. *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). As demonstrated below,

the undisputed fact of Mr. Roth's lack of any intent to injure Ms. Polanco requires summary

judgment in his favor.

II.      Polanco Cannot Establish the § 523(a)(6) Elements.

11 U.S.C. § 523(a)(6) provides that "[a] discharge under…this title…does not discharge

an individual debtor from any debt for *willful* and *malicious* injury by the debtor to another entity

or to the property of another entity." (emphasis added).  In connection with her claim that Roth's

debt (i.e., her sexual harassment claim) is not dischargeable, Ms Polanco has the burden of

establishing the willful and malicious elements of § 523(a)(6) by a preponderance of the

evidence. *See, e.g., Grogan v. Garner*, 498 U.S. 279, 291 (1991)("[w]e hold that the standard of

proof for the dischargeability exceptions in 11 U. S. C. § 523(a) is the ordinary preponderance-

of-the-evidence-standard").[2]  Here, as to the first element (willful), the key evidentiary issue is

whether Mr. Roth had the subjective intent to injure Ms Polanco. *See, e.g., Kawaauhau v.

Geiger*, 523 U.S. 57, 61-62 (1998).  In *Geiger,* the Court emphasized the intent element of 11

U.S.C. § 523(a)(6), stating:

> Does § 523(a)(6)'s compass cover acts, done
> intentionally, [3] that cause injury (as the Kawaauhaus urge), or
> only acts done with the actual intent to cause injury (as the
> Eighth Circuit ruled)?
> The words of the statute strongly support the Eighth
> Circuit's reading. The word "willful" in (a)(6) modifies the word
> "injury," indicating that nondischargeability takes a deliberate or
> intentional *injury*, not merely a deliberate or intentional *act* that
> leads to injury. Had Congress meant to exempt debts resulting
> from unintentionally inflicted injuries, it might have described
> instead "willful acts that cause injury." Or, Congress might have
> selected an additional word or words, *i.e.*, "reckless" or
> "negligent," to modify "injury." Moreover, as the Eighth Circuit

---

[2] "In determining whether a particular debt falls within one of the exceptions of section 523, the statute should be strictly construed against the objecting creditor and liberally in favor of the debtor." COLLIER ON BANKRUPTCY P 523.05 at 523-20 (15th ed. rev. 2003).

4

observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, comment *a*, p. 15 (1964) (emphasis added).

521 U.S. at 61-62.

Here, assuming, *arguendo,* that Mr. Roth may have engaged in unprofessional conduct (sexual bantering or horseplay)[3] that alone is insufficient to come within the purview of § 523(a)(6), i.e., Defendant did not intend to injure Plaintiff. *See* Affidavit of Joseph Roth, Exh. A ¶¶ 9-11. As to whether intent is measured on an objective or subjective basis, the Tenth Circuit, following *Geiger*, has adopted the subjective standard. *See, e.g., Via Christi Reg'l Med. Ctr. v. Englehart,* 2000 U.S. App. LEXIS 22754 (10th. Cir. 2008) ("In sum, the "willful and malicious injury" exception to dischargeability in § 523(a)(6) turns on the state of mind of the debtor, who must have wished to cause injury or at least believed it was substantially certain to occur. When injury was "neither desired nor in fact anticipated by the debtor," it is outside the scope of the statute. *Geiger*, 523 U.S. at 62"); *see also Panalis v. Moore* (*In re* Moore), 357 F.3d 1125, 1129-30 (10th Cir. 2004)( "[T]he Code makes inescapable the principle that unless a debt is the result of a willful and malicious act intended to do injury to a person, the debt is discharged. Having failed to prove, either in the Colorado court or in the Bankruptcy court, that Mr. Moore willfully and maliciously intended to cause his physical injury, Mr. Panalis was not entitled to an exception from discharge"). The import of the *Geiger* line of cases is that Ms. Polanco must now come forth with preponderant evidence that Mr. Roth intended to injure her or believed that

---

[3] Title VII is not a general "civility code." *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998). A violation is not established merely by evidence showing "sporadic use of abusive language, gender-related jokes, and occasional teasing."*Id.; see also, Oncale v. Sundowner Offshore Servs. Inc.,* 523 U.S. 75, 82 (1998)(distinguishing "simple teasing" from conduct which creates a hostile work environment); *Candelore v. Clark County Sanitation District,* 975 F.2d 588, 590 (9th Cir. 1992)("Isolated incidents of sexual horseplay" did not create a hostile work environment*).

his acts or comments were substantially certain to injure her. *See, e.g. Sanger v. Busch*, 311 B.R. 657 (Bktcy. N.D N.Y.)(following *Geiger*: sexual harassment is not an intentional tort sufficient to operate as a basis for nondischargeability under § 523(a)(6)).

In *Sanger*, the plaintiff, Jacqueline Sanger, secured a $430,233 District Court Title VII judgment against the debtor, David Busch.  Busch filed a Ch. 7 petition and listed the Sanger judgment lien on Schedule D (Creditors Holding Secured Claims).  In turn, Sanger filed an adversary proceeding (complaint) challenging the dischargeability of the debt under § 523(a)(6). In ruling against Sanger, as a preliminary matter, the bankruptcy court summarized the underlying circumstances, stating:

> Plaintiff testified during inquest that the Debtor committed routine acts of sexual harassment, including: repeated attempts to kiss her (Plaintiff's Exhibit 2 at 19) [hereinafter the "Transcript"]; putting his hand around her waist and trying to kiss and touch her (*Id.* at 22); attempting to put his hands underneath her shirt; joking about getting an apartment where they could "fool around" (*Id.* at 23); unzipping his pants and exposing his genitals; directing her to write a letter advising a client of the corporation's policy against sexual harassment, after which he stated, "oh, well, if they only knew"; exposing and touching his genitalia to her arm on two occasions (*Id.* at 22, 27); and insinuating that he would give her petty cash and provide an apartment for her if she accepted his sexual advances (*Id.* at 29). The Plaintiff stated that she became pregnant while employed by AASI and, after notifying the Debtor of her condition, his conduct worsened. The Plaintiff further testified that the Debtor's conduct caused her to suffer the following harm: she required counseling on four to six occasions; unemployment benefits were unavailable because she voluntarily resigned (*Id.* at 30); her medical insurance lapsed; she lost retirement benefits; she experienced difficulty finding other employment because she feared placement in a similar work environment (*Id.* at 32); and she was afraid to go outside her house at night because she feared that the Debtor was "going to try and kill [her]" (*Id.*). Finally, the Plaintiff testified that she was also sexually harassed by her male co-workers, whose conduct was known to the Debtor, yet the Debtor and AASI took no disciplinary action to remedy the hostile work environment.

311 B.R. at 660-61.

In distinguishing between the gravity of the conduct and Debtor's intent, the bankruptcy court

stated:

> There is no question about the deplorable nature of the conduct for which
> the Debtor was held liable in the District Court; yet, the first part of the
> test for nondischargeability under § 523(a)(6) is not the gravity of
> misconduct, but intent to cause injury.[citation omitted ]The Plaintiff must
> satisfy the first statutory prong by proving that the Debtor deliberately and
> intentionally caused the injuries that she recounted in the District Court
> Action. Because of the nature of sexual harassment, the Plaintiff's showing
> under *Geiger* is far more difficult than that under *Stelluti*. *See* Joanne
> Gelfand, Esq., *The Treatment of Employment Discrimination Claims in
> Bankruptcy: Priority Status, Stay Relief, Dischargeability, and
> Exemptions*, 56 U. Miami L. Rev. 601, 636-37 (2001)(Employers
> engaging in *quid pro quo* or hostile environment harassment may
> appreciate that their conduct could cause lost job opportunities or create a
> sexually charged atmosphere, but they may [**34] never intend to cause
> non-job related, psychological or physical injuries such as depression,
> nausea, sleeplessness, emotional distress, or loss of consortium.).
> Although sexual harassment under Title VII presupposes intentional
> conduct in the form of unwelcome sexual conduct, it does not require that
> the employer intend to injure the plaintiff. *Id.* at 635.
> ***
>
> Within this framework, the court turns its attention to whether the Plaintiff
> has shown that the Debtor intended to cause her psychological and
> economic harm. Even if the acts of sexual harassment occurred exactly as
> alleged, nothing in the District Court Action or in this proceeding
> convinces the court that the Debtor intended to do so. *There is no evidence
> that the Debtor ever intended to cause any of the injuries recounted by the
> Plaintiff in the District Court Action.*

311 B.R. at 669-70. (emphasis added).

Here, there is no evidence that Roth intended to injure Ms. Polanco or that he believed that any

injury to Ms. Polanco was substantially certain to result from his acts or comments.

## **Conclusion**

Accordingly, and for all of the foregoing reasons, Plaintiff's complaint should be dismissed.

Respectfully,

Manuel J. Solano, Esq., #7646
*Attorney for Defendant*
12000 N. Washington St. Ste 310
Thornton, CO 80241
Email:solanolaw@earthlink.net
Phone: (303) 457-2000

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served via the USPS, postage prepaid to the following address this 23rd day of August, 2012.

Traylor Law Group
Whitney C. Traylor
1721 High St.
Denver CO 80218

**Original Hand Delivered on August 23, 2012 to:**
The Clerk of the United States Bankruptcy Court
For the District of Colorado
721 19th St.
Denver, CO 80202

12000 N. Washington St. Ste 310
Thornton, CO 80241

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:                          )
Polanco v. Roth                 )
                                )          **Bankruptcy Case**   11-34121-MER
                                )          **No.: Chapter**      7
                                )          **Adversary No.:**    12-01010-MER
Tasheena Polanco                )
       Plaintiff                )
                                )
v.                              )
                                )
Joseph A. Roth                  )
       Defendant                )

---

### AFFIDAVIT OF JOSEPH A. ROTH

Joseph A.Roth, being duly sworn, states:

1. I am the defendant in the above captioned matter.

2. I have reviewed the allegations in the plaintiff's complaint and have filed an answer to the complaint. The answer is incorporated herein by reference.

3. The complaint lists several allegations regarding my conduct and comments directed to Tasheena Polanco during her employment at my business.

4. However, the complaint does not identify any injury that was caused by any statement or any act of mine. All the complaint does is to generically allege "injury" and "harm" without any detail as to the type of injury or harm (e.g., physical, mental or emotional). *See* Doc. 1, Complaint ¶ ¶ 32-34.

1



5. However, I have reviewed Ms. Polanco's recent responses to interrogatories wherein she states:

> Ms. Polanco has sustained severe emotional distress as a result of the physical conduct from Mr.Roth and his constant sexual harassment. She has developed significant anxiety and a fear of persons of authority since the time of her employment at Roth's Auto. In particular, Ms. Polanco has become very nervous and uncomfortable when interacting with unfamiliar males. This condition has contributed to Ms. Polanco's inability to secure employment subsequent to her termination from Roth's Auto. Ms. Polanco has experienced, and continues to experience, fear, anxiousness., sadness, and hurt as a result of Mr. Roth's unlawful actions. Ms. Polanco still gets upset and cries when she thinks about the horrible experience she endured while employed by the Defendant.

7. At no time during the course of her employment (**May --June**) did Ms. Polanco complain of any mental or emotional distress or complain about the conditions of her employment.

8. Prior to her employment, I had never met Ms. Polanco.

9. During the course of Ms. Polanco's employment, I did not have any dislike of or animus toward Ms. Polanco.

10. During Ms. Polanco's employment, my words and conduct were not intended to injure Ms. Polanco. In other words, I did not have an actual intent to injure Ms. Polanco under any circumstances.

11. Furthermore, I did not desire to injure or harm Ms. Polanco nor did I believe that any injury to Ms. Polanco was substantially certain to result from any of acts or comments directed toward her.

2

12. My decision to terminate Ms. Polanco was based on her inability to handle the necessary computer and clerical tasks connected to the U-Haul rental part of my auto repair business.

Dated this 23 day of August, 2012.

Respectfully,

Joseph A. Roth

STATE OF COLORADO    )
                                        )ss
COUNTY OF ADAMS    )

Subscribed and sworn to before me in the county of Adams, State of Colorado, this 23nd day of August, 2012 by Joseph A. Roth.

Notary Public

KAREN MARQUEZ
Notary Public
State of Colorado

My Commission Expires: 1/4/15

Address:
12000 N. Washington St., Ste 310
Thornton, CO 80241

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:                                    )
                                          )        Case No. 11-34121-MER
ROTH, JOSEPH ANTHONY                      )
EIN/SSN: xxx-xx-3705                      )        Chapter 7
                                          )
              Debtor(s)                   )
                                          )
_____)
                                          )
TASHEENA POLANCO,                         )
                                          )
       Plaintiff,                         )
                                          )
v.                                        )
                                          )        Adv. Proc. No. 12-1010-MER
JOSEPH ANTHONY ROTH,                      )
                                          )
       Defendant.                         )
                                          )

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Tasheena Polanco ("Plaintiff" or "Polanco"), pursuant to FED. R. BANKR. P. 26,

33, 34, and 36, hereby responds, and by and through her attorneys, the Traylor Law Group, LLC,

objects, to Defendant's First Set of Interrogatories ("Defendant's Discovery") as follows:

### GENERAL OBJECTIONS

1.      Ms. Polanco objects to each and every discovery request to the extent that it seeks

information protected by the attorney-client privilege or the work product doctrine. Such

information shall not be provided in response to these discovery requests, and any inadvertent

disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to

such information.



2.       Ms. Polanco objects to these discovery requests to the extent that they seek information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

3.       Ms. Polanco objects to these discovery requests to the extent that they are overly burdensome and oppressive, vague and ambiguous, overly broad, annoying, or harassing.

4.       Ms. Polanco objects to these discovery requests to the extent that the information requested has already been provided, or is otherwise already within the possession, custody, or control of Defendant.

5.       Ms. Polanco objects to these discovery requests to the extent that they seek information that is not within her possession, custody or control. Ms. Polanco also objects to these discovery requests, including the instructions and definitions, to the extent that they can be construed to impose obligations upon her that are beyond the scope of the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 1:** State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**Response:** None, other than Ms. Polanco and the undersigned counsel.

**Interrogatory No. 2:** State:

(a)  your name;

(b)  every name you have used in the past;

(c)  the dates you used each name.

**Response:** Tasheena Polanco. Ms. Polanco has not used any other name in the past.

**Interrogatory No. 3:**  State the date and place of your birth.

**Response:** February 6, 1983; Denver, Colorado.

**Interrogatory No. 4:**  State:

(a)     your present residence ADDRESS;

(b)     your residence ADDRESSES for the last five years;

(c)     the dates you lived at each ADDRESS.

**Response:**

1.     11817 Maiden Way, Northglenn, C0 80233; December 2010 – Present

2.     3060 Leyden Blvd, Denver, C0 80207; September 2010 – December 2010

3.     3240 W. Ada Place, Denver, C0 80219; June 2010 – September 2010

4.     1302 Milwaukee St., Apt. 4, Denver, CO 80206; February 2010 – June 2010

5.     1724 E. 36th Ave. Denver, CO 80205; July 2009 – February 2010

6.     11817 Maiden Way, Northglenn, CO 80233; December 2008 – July 2009

7.     55 N. Kuner Rd., Apt. 205, Brighton, CO 80601; March 2006 – December 2008

**Interrogatory No. 5:**  State:

(a)     the name, ADDRESS , and telephone number of your present employer or place

of self-employment;

(b)     the name, ADDRESS , dates of employment, job title, and nature of work for each

employer or self-employment you have had from five years before the

INCIDENT until today.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident"

is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one

Defendant refers to in this instance. Notwithstanding, and without waiving this objection, Plaintiff states as follows: (a) Ms. Polanco is currently unemployed.

(b)      Roth's Auto, 1690 East 112th Ave., Northglenn, CO 80233; U-Haul Representative; May 2009 to June 2009.

IHOP, 962 S. 4th Avenue, Brighton, CO 80601; Server/Night Supervisor; October 2006 to August 2008.

**Interrogatory No. 6:** State:

(a)      the name and ADDRESS of each school or other academic or vocational

institution you have attended beginning with high school;

(b)      the dates you attended;

(c)      the highest grade level you have completed;

(d)      the degrees received.

**Response:**

1.      Thornton High School; 9351 Washington St., Thornton, CO 80229; August 1997 to June 2001; graduated June 2001.

2.      Metropolitan State College of Denver; 1201 5th Street #9, Denver, CO 80204; January 2010 – April 2010; no degrees received.

**Interrogatory No. 7:** Have you ever been convicted of a felony? If so, for each conviction state:

(a)      the city and state where you were convicted;

(b)      the date of conviction;

(c)      the offense;

(d)     the court and case number and name and ADRESS of your probation officer, if

any.

**Response:** Yes.

(a)     Brighton, CO;

(b)     August 2004;

(c)     Possession of a Schedule II Controlled Substance;

(d)     Brighton Municipal Court (Ms. Polanco does not know the case number).

**Interrogatory No. 8:** Do you attribute any physical, mental, or emotional injuries to the

INCIDENT?

**Response:** Objection. Defendant's request is unclear because its definition of "Incident"

is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one

Defendant refers to in this instance. Notwithstanding, and without waiving this objection,

Plaintiff states as follows:Yes.

**Interrogatory No. 9:** If so, identify each injury you attribute to the INCIDENT and the

area of your body affected.

**Response:**  Objection. Defendant's request is unclear because its definition of "Incident"

is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one

Defendant refers to in this instance. Plaintiff further objects on the grounds that she has no

medical training, and therefore is unqualified to assess the exact nature of each injury she has

suffered as a result of her employment and unlawful termination from Roth's Auto. The exact

nature and extent of Ms. Polanco's "injuries" is an issue to be determined at trial.

Notwithstanding, and without waiving the foregoing objections, Plaintiff states as follows: Ms.

Polanco has sustained severe emotional distress as a result of the physical conduct from Mr. Roth

and his constant sexual harassment. She has developed significant anxiety and a fear of persons of authority since the time of her employment at Roth's Auto. In particular, Ms. Polanco has become very nervous and uncomfortable when interacting with unfamiliar males. This condition has contributed to Ms. Polanco's inability to secure employment subsequent to her termination from Roth's Auto. Ms. Polanco has experienced, and continues to experience, fear, anxiousness, sadness, and hurt as a result of Mr. Roth's unlawful actions. Ms. Polanco still gets upset and cries when she thinks about the horrible experience she endured while employed by the Defendant.

**Interrogatory No. 10:**  Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:

    (a)    a description;

    (b)    whether the complaint is subsiding, remaining the same, or becoming worse;

    (c)    the frequency and duration.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Plaintiff further objects on the basis that this Interrogatory is vague and ambiguous to the extent the term "complaints" is undefined. Notwithstanding, and without waiving the foregoing objections, the persisting mental and emotional damages which Ms. Polanco attributes to Mr. Roth's conduct are identified in her response to Interrogatory No. 9.

**Interrogatory No. 11:**  Did you receive any consultation or examination or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:

    (a)    the name, ADDRESS , and telephone number;

    (b)    the type of consultation, examination, or treatment provided;

    (c)    the dates you received consultation, examination, or treatment;

    (d)    the charges to date.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Notwithstanding, and without waiving this objection, Plaintiff states as follows: No. Ms. Polanco was unable to afford treatment.

**Interrogatory No. 12:**  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:

    (a)    the name;

    (b)    the PERSON who prescribed or furnished it;

    (c)    the date prescribed or furnished;

    (d)    the dates you began and stopped taking it;

    (e)    the cost to date.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Notwithstanding, and without waiving this objection, Plaintiff states as follows: No.

**Interrogatory No. 13:**  Are there any other medical services not previously listed (for example, ambulance, nursing, prosthetics, psychiatric or psychological)? If so, for each service state:

    (a)    the nature;

(b)     the date;

(c)     the cost;

(d)      the name, ADDRESS , and telephone number of each provider.

**Response:** Objection. This Interrogatory is vague and ambiguous to the extent the term "medical services" is undefined and the Interrogatory is an incomplete as phrased.

**Interrogatory No. 14:** Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:

(a) the name and ADDRESS of each HEALTH CARE PROVIDER;

(b) the complaints for which the treatment was advised;

(c) the nature, duration, and estimated cost of the treatment.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Plaintiff further objects on the basis that this Interrogatory seeks information protected by the physician-patient privilege. Notwithstanding, and without waiving the foregoing objections, Plaintiff responds as follows: No.

**Interrogatory No. 15:** Do you attribute any loss of income or earning capacity to the INCIDENT? If so, state:

(a) the nature of your work;

(b) your job title at the time of the INCIDENT;

(c) the date your employment began.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one

Defendant refers to in this instance. Plaintiff further objects on the grounds that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. The amount of Ms. Polanco's economic damages is not relevant to the legal issues in this action. In addition, this Interrogatory requests information that is already within the possession, custody or control of Defendant. In addition, this Interrogatory is vague and ambiguous to the extent the phrase "nature of your work" is undefined. Notwithstanding, and without waiving the foregoing objections, Ms. Polanco has suffered lost income as a result of the Incident.

(a)      Ms. Polanco was an employee of Roth's Auto. Her duties included cleaning the shop, and assisting customers in renting U-Haul trucks.

(b)      Shop Cleaner and U-Haul Representative.

(c)      May 12, 2009.

**Interrogatory No. 16:**  State the last date before the INCIDENT that you worked for compensation.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Plaintiff further objects on the ground that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. The amount of Ms. Polanco's economic damages is not relevant to the legal issues in this action.

**Interrogatory No. 17:**  State your monthly income at the time of the INCIDENT and how the amount was calculated.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Plaintiff further objects on the ground that this Interrogatory

is not reasonably calculated to lead to the discovery of admissible evidence. The amount of Ms.

Polanco's economic damages is not relevant to the legal issues in this action.

**Interrogatory No. 18:**  State the date you returned to work at each place of employment

following the INCIDENT.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident"

is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one

Defendant refers to in this instance. Plaintiff further objects on the ground that this Interrogatory

is not reasonably calculated to lead to the discovery of admissible evidence. The amount of Ms.

Polanco's economic damages is not relevant to the legal issues in this action.

**Interrogatory No. 19:**  State the dates you did not work and for which you lost income.

**Response:** Objection. This Interrogatory is not reasonably calculated to lead to the

discovery of admissible evidence. The amount of Ms. Polanco's economic damages is not

relevant to the legal issues in this action. Plaintiff further objects on the ground that this

Interrogatory is overbroad and unduly burdensome as the request is not restricted by time period.

**Interrogatory No. 20:**  State the total income you have lost to date as a result of the

INCIDENT and how the amount was calculated.

**Response:** Objection. This Interrogatory is not reasonably calculated to lead to the

discovery of admissible evidence. The amount of Ms. Polanco's economic damages is not

relevant to the legal issues in this action.

**Interrogatory No. 21:**  Will you lose income in the future as a result of the INCIDENT?

If so, state:

      (a)     the facts upon which you base this contention;

      (b)     an estimate of the amount;

(c)      an estimate of how long you will be unable to work;

(d)      how the claim for future income is calculated.

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Plaintiff further objects on the ground that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. The amount of Ms. Polanco's economic damages is not relevant to the legal issues in this action. In addition, this Interrogatory is overly broad and unduly burdensome, as Ms. Polanco is unable to assess the precise amount of her lost future income.

**Interrogatory No. 22:**  Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:

(a)      the nature;

(b)      the date it occurred;

(c)      the amount.

**Response:**  Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Notwithstanding, and without waiving the foregoing objection, Plaintiff states as follows: No. Ms. Polanco has suffered damages from lost income and severe emotional distress, which are identified in the foregoing Interrogatories and Plaintiff's Initial Disclosures.

**Interrogatory No. 23:**  List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Plaintiff further objects on the ground that this Interrogatory requests information protected by the physician-patient privilege. Notwithstanding, and without waiving the foregoing objection, Ms. Polanco did not suffer from any disability prior to the Incident.

**Interrogatory No. 24:**  At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages. If so, for each incident state:

    (a)    the date and the place it occurred;

    (b)    the name, ADDRESS , and telephone number of any other PERSON involved;

    (c)    the nature of any injuries you sustained;

    (d)    the name, ADDRESS , and telephone number of each HEALTH CARE PROVIDER that you consulted or who examined or treated you;

    (e)    the nature of the treatment and its duration

**Response:** Objection. Defendant's request is unclear because its definition of "Incident" is vague. Multiple "incident(s)" have been alleged in this matter, and it is unclear which one Defendant refers to in this instance. Notwithstanding, and without waiving the foregoing objection, Plaintiff states as follows: No.

**Interrogatory No. 25:**  Except for this action, in the last ten years have you filed an action or made a written claim or demand for compensation for personal injuries? If so, for each action, claim, or demand state:

    (a)    the date, time, and place and location of the INCIDENT (closest street ADDRESS or intersection);

(b)     the name, ADDRESS , and telephone number of each PERSON against whom the

claim was made or action filed;

(c)     the court, names of the parties, and case number of any action filed;

(d)     the name, ADDRESS , and telephone number of any attorney representing you;

(e)     whether the claim or action has been resolved or is pending.

**Response:** No.

## **VERIFICATION**

I, Tasheena Polanco, Plaintiff in the above-captioned matter, verify that I have read the above Plaintiff's Responses to Defendant's First Set of Interrogatories and that they are true and correct to the best of my knowledge and belief.

*s/Tasheena Polanco*
Tasheena Polanco

DATED this 9th day of August, 2012.

AS TO OBJECTIONS:

**TRAYLOR LAW GROUP, LLC**

*s/Whitney C. Traylor*
Whitney C. Traylor
Craig T. Truitt
1721 High St.
Denver, CO 80218
Telephone: 303-321-1862
Facsimile: 303-837-1214

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** was served on this 9th day of August, 2012, via United States Mail addressed to the following:

Manuel Solano, Esq.
12000 N. Washington Street, Ste. 310
Thornton, CO 80241

*s/Whitney C. Traylor*