UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 11-34121-MER |
| ROTH, JOSEPH ANTHONY | ) | |
| EIN/SSN: xxx-xx-3705 | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| TASHEENA POLANCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Proc. No. 12-1010-MER |
| JOSEPH ANTHONY ROTH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S MOTION FOR ABSTENTION

Plaintiff Tasheena Polanco ("Plaintiff" or "Polanco"), by and through her attorneys, the Traylor Law Group, LLC, and pursuant to 28 U.S.C. § 1334(c), hereby submits this Motion for Abstention, and in support thereof states the following:

### INTRODUCTION

This case is an adversary proceeding to determine the dischargeability of Defendant Joseph Roth's ("Defendant" or "Roth") contingent, unliquidated debt to Ms. Polanco. Before that ultimate issue can be resolved, however, there must be a determination of the validity and extent of the claims underlying the debt. Simply stated, the most efficient means of resolving these issues is for this Court to abstain from hearing this action and allow Ms. Polanco's underlying claims to be tried in state court.

First, because Ms. Polanco's claims against Mr. Roth involve personal injury tort claims, the case will have to be transferred out of bankruptcy court pursuant to 28 U.S.C. § 157(b)(5). However, rather than allowing the case to be transferred to federal district court, this Court may elect to exercise discretionary abstention and send the case to trial in state court. As discussed below, this course of action would allow this matter to be set for trial immediately, while protecting Ms. Polanco's right to a jury trial. Accordingly, Ms. Polanco respectfully requests that this Court abstain from hearing her underlying claims against Mr. Roth, thereby allowing Ms. Polanco to proceed with her case in state court.

## BRIEF FACTUAL BACKGROUND

Ms. Polanco began working for Mr. Roth at his auto shop, Roth's Auto, in May 2009. Her work environment was immediately and consistently permeated with egregious sexual harassment and inappropriate physical contact. (*See* Compl. ¶ 14-26.) For example, Roth touched Ms. Polanco's breast and brushed his hand across her crotch, then smelled his hand and stated, "Thanks." Mr. Roth frequently told explicit stories about his own sexual behavior, including visiting strip clubs and "whore houses," paying women for sex, having sex in the auto repair shop, and trading car repair services for sexual favors. He frequently remarked about Ms. Polanco's breasts and requested that she give him massages on numerous occasions. On one occasion, Mr. Roth instructed her to clean a glass window, and then licked window across from her breasts while she was doing so. After refusing Mr. Roth's's advances, Ms. Polanco was terminated by Mr. Roth on June 8, 2009—only two days after refusing Mr. Roth's most recent request for a massage from Ms. Polanco. These events resulted in severe emotional damages to Ms. Polanco.

On May 12, 2010, Ms. Polanco filed a civil action against Mr. Roth in Adams County District Court, Case No. 2010CV832 ("the State Court Action"). Her claims included battery, intrusion, sexual harassment and discrimination, and wrongful termination in violation of public policy. Pursuant to the State Court Action, Ms. Polanco took Mr. Roth's deposition. During the deposition, Mr. Roth admitted to the majority of the factual allegations made by Ms. Polanco. He attempted to justify his reprehensible behavior by claiming that Ms. Polanco "invited" his comments because of the way she dressed. Mr. Roth went on to say that some women deserve to be raped if they dress a certain way. Mr. Roth also indicated that he would file for bankruptcy before allowing the action to proceed to trial.

True to his promise, Mr. Roth filed his Chapter 7 Petition on October 12, 2011, only weeks before the scheduled trial date in the State Court Action. Ms. Polanco filed her Complaint Objecting to Dischargeability of Indebtedness ("Complaint") on January 4, 2012. Only limited discovery has been conducted in the matter to date.

## ARGUMENT

### A. *28 U.S.C. § 157(b)(5) requires transfer of Ms. Polanco's claims.*

28 U.S.C. § 157(b)(5) provides that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." In addition, "liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution" is specifically excluded from the list of core proceedings defined in 28 U.S.C. § 157(b)(2). Therefore, because Ms. Polanco's claims include personal injury tort claims, these statutes mandate that they may not be tried in the bankruptcy court.

Personal injury claims are also specifically excepted from the doctrine of mandatory abstention. 28 U.S.C. 157(b)(4). However, while mandatory abstention cannot be applied to

these claims, numerous courts have held that a bankruptcy court may allow such claims to proceed in state court based on the doctrine of permissive abstention, rather than transferring those claims to district court. See *In re White Motor Credit*, 761 F.2d 270 (6th Cir. 1996); *In re Pan American Corp.*, 950 F.2d 839 (2d. Cir. 1991); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). Accordingly, rather than allowing Ms. Polanco's claims to be transferred to district court, this Court may properly elect to abstain from proceeding on Ms. Polanco's underlying claims.

### B. This Court should exercise permissive abstention pursuant to 28 U.S.C. § 133(c)(1).

Under 28 U.S.C. § 1334(c)(1), a bankruptcy court may abstain from hearing a matter when doing so would be "in the interest of justice, or in the interest of comity with state courts or respect for State law." This doctrine is known as "permissive" or "discretionary" abstention. In determining whether to exercise discretion to abstain, bankruptcy courts consider a number of non-determinative factors, including the following:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Schempp Real Estate, LLC*, 303 B.R. 866, 876 (Bankr. D. Colo. 2003); *In re Mattson*, 448 B.R. 540, 549 (Bankr. D. Kan. 2011); *In re Commercial Financial Services, Inc.*, 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000). As discussed below, these factors weigh heavily in favor of abstention in this matter.

#### i. Effect on the Efficient Administration of the Estate

Abstention would have little effect on the efficient administration of Mr. Roth's bankruptcy estate. In fact, the action would likely be resolved more quickly in state court. Prior to Mr. Roth's filing of the Chapter 7 Petition, discovery had concluded, and the State Court Action was only weeks away from trial. If this Court abstains and allows this matter to proceed in state court, the case could be set for trial immediately, which would allow for a swift determination of the validity of Ms. Polanco's claims against Mr. Roth and the amount of those claims. On the other hand, if this Court does not abstain, Ms. Polanco's personal injury claims would have to be transferred to the district court, as discussed above. Therefore, this factor

resoundingly favors abstention, and this Court should abstain from hearing Ms. Polanco's claims.

      *ii.*     *Extent to which State Law Issues Predominate*

There is no question that state law issues predominate in this matter. Ms. Polanco's State Court Action asserts only personal injury and sexual harassment claims based *entirely* on state law. No federal claims have been asserted by Ms. Polanco. Therefore, this factor weighs in favor of abstention.

      *iii.*     *Difficulty or Unsettled Nature of the Applicable Law*

Ms. Polanco's claims consist of state law personal injury and sexual harassment claims against Mr. Roth, and at this time, do not turn on any difficult or unsettled questions of state law. Therefore, this factor, standing alone, does not necessitate abstention.

      *iv.*     *Presence of a Related Proceeding Commenced in State Court*

As stated above, Ms. Polanco's claims have already been asserted in state court, and that action was only weeks away from trial when Mr. Roth's petition was filed. That matter is currently stayed pending the resolution of the bankruptcy. The presence of the State Court Action that can immediately be set for trial strongly supports abstention by this Court.

      *v.*     *Jurisdictional Basis Other Than 28 U.S.C. § 1334*

Ms. Polanco's State Court Action could not have been filed in federal court absent the filing of the bankruptcy petition. She has asserted no federal claims, and there is no diversity of citizenship among the parties. Therefore, there is no jurisdictional basis for adjudication of this matter by a bankruptcy court other than 28 U.S.C. § 1334, and this Court should abstain.

      *vi.*     *Degree of Relatedness or Remoteness of the Proceeding to the Main Bankruptcy Case*

The adjudication of Ms. Polanco's claims against Mr. Roth is certainly related to the main bankruptcy case, in that it is a necessary step in determining the dischargeability of Mr. Roth's debt. However, where a matter is essentially a two-party dispute, abstention is appropriate. *Schempp*, 303 B.R. at 877 (citing *In re Shady Grove Tech. Ctr. Assoc. L.P.*, 216 B.R. 386, 391 (Bankr. D. Md. 1998)) ("'Generally, bankruptcy is not favored as the means for resolving . . . a two-party dispute.'"). Similar to *Schempp*, this matter is a two-party dispute, and therefore, this factor favors abstention.

      *vii.*     *Substance Rather Than Form of an Asserted Core Proceeding*

Pursuant to 28 U.S.C. § 157(b)(2)(I), Ms. Polanco's claim objecting to the dischargeability of Mr. Roth's debt to her is a core proceeding. However, any resolution of that issue is entirely contingent upon adjudication of her state law claims, which are non-core. The

dischargeability analysis will turn on the facts giving rise to those claims. Therefore, the substance of this matter is Ms. Polanco's non-core claims, and the Court should allow those matters to be determined in state court.

### viii. Feasibility of Severing State Law Claims from Core Bankruptcy Matters

In this case, it is entirely feasible to sever Ms. Polanco's state law claims from the issue of dischargeability. Her personal injury and sexual harassment claims could be tried quickly and efficiently in the State Court Action, as discovery has already concluded and the matter could be immediately set for trial. In fact, as discussed above, her tort claims will have to be transferred out of bankruptcy court anyway. If the matter were transferred to federal district court, however, those claims could not be tried without additional, redundant discovery. Allowing Ms. Polanco's claims to proceed in state court is the most efficient course of action in this matter.

### ix. Burden on the Bankruptcy Court's Docket

Adjudication of Ms. Polanco's claims by the bankruptcy court would certainly impose some small burden on the bankruptcy court's docket. To the extent those claims could be tried more quickly and efficiently in state court, that burden is unnecessary. In fact, if Ms. Polanco were to lose at trial in state court, there would be no need for a bankruptcy court to address the issue of dischargeability, thus reducing the burden on this Court's docket. Therefore, this factor weighs in favor of abstention.

### x. Likelihood of Forum Shopping

Although Mr. Roth was clear during his deposition that he would file for bankruptcy before allowing the matter to be tried to avoid having to defend himself from Ms. Polanco's claims, he did not gain any advantage with respect to Ms. Polanco's claims by moving the action to bankruptcy court. Accordingly, it does not appear that this matter involves forum shopping.

### xi. Existence of a Right to a Jury Trial

Ms. Polanco has a right to a jury trial on her state law claims, and the State Court Action was docketed as a jury case at the time the bankruptcy petition was filed. Ms. Polanco has not consented to a jury trial in the bankruptcy court, nor does she intend to do so. Therefore, this factor strongly favors abstention, as the matter would have to be transferred in order to reach a final resolution of her claims, and the state court would provide a more efficient forum for a jury trial.

### xii. Presence in the Proceeding of Non-Debtor Parties

This proceeding involves the debtor and one non-debtor party—Ms. Polanco. Therefore, similar to *Schempp*, this factor is relatively insignificant.

## CONCLUSION

At least nine of the twelve factors strongly favor abstention in this matter. Ms. Polanco's claims against Mr. Roth are based solely on state law, and those claims can be efficiently resolved in the State Court Action, which is ready to be set for trial. Because her personal injury tort claims cannot be tried by the bankruptcy court pursuant to 28 U.S.C. § 157(b)(5), the matter will have to be transferred out of the bankruptcy court prior to a final resolution. Those claims would proceed much more quickly and efficiently in state court than in a federal district court. Therefore, in the interests of justice, this Court should abstain from adjudicating Ms. Polanco's claims, and allow the State Court Action to proceed.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order abstaining from the hearing and determination of Plaintiff's claims against Defendant pursuant to 28 U.S.C. § 1334(c)(1), and for such other relief as the Court deems just and proper.

DATED this 29th day of August, 2012.

Respectfully submitted,

**TRAYLOR LAW GROUP, LLC**

Craig T. Truitt
Whitney C. Traylor
1721 High Street
Denver, CO 80218
Phone: (303) 321-1862
Facsimile: (303) 837-1214

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR ABSTENTION** was served on this 29th day of August, 2012, via United States Mail addressed to the following:

Robert C. Wolf, Esq.
P.O. Box 1875
Arvada, CO 80001

Manuel J. Solano, Esq.
12000 N. Washington St., Ste. 310
Thornton, CO 80241

Craig T. Truitt