UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | | |
|---|---|---|---|
| In re: | ) | | |
| Polanco v. Roth | ) | | |
| | ) | Bankruptcy Case | 11-34121-MER |
| | ) | No.: Chapter | 7 |
| | ) | Adversary No.: | 12-01010-MER |
| Tasheena Polanco | ) | | |
|    Plaintiff | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| Joseph A. Roth | ) | | |
|    Defendant | ) | | |

**DEFENDANT'S RESPONSE TO MOTION FOR ABSTENTION**

Defendant, Joseph A. Roth, submits the following response to Plaintiff's motion for permissive abstention:

**Procedural Background**

On May 12, 2010, Ms. Polanco filed a personal injury complaint against Joseph A. Roth in Adams County District Court, Case No. 2010 CV 832. On October 12, 2011, Mr. Roth filed a Chapter 7 Petition: Bankruptcy Case 11-34121-MER. In light of the bankruptcy filing, an automatic stay was entered pursuant to 11 U.S.C. § 362(a)(1), i.e., the state court action has been stayed pending the resolution of Mr. Roth's bankruptcy case. Ms. Polanco, on January 4, 2012, filed her Complaint Objecting To Dischargeability of Indebtedness Pursuant to 11 U.S.C. § 523

1

(Doc. #1).[1] In her adversary complaint, Ms. Polanco invoked this Court's jurisdiction under 28 U.S.C. § 1334 and noted that the dischargeability issue was a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). *See* Doc. # 1 ¶¶5,6. Thereafter, over the next eight months, the Court and parties took significant procedural steps in the prosecution and management of this case, including:

a) Motion to Extend Time to File Answer to Complaint (Doc. #5);

b) Order Granting Motion to Extend Time to File Answer to Complaint (Doc. #6);

c) Motion for Default Judgment Against Joseph a. Roth (Doc. #9);

d) Virtual Clerk's Entry of Default (Doc. #10);

e) Motion to Vacate Default (Doc. #12);

f) Answer to Complaint (Doc. #13);

g) Order Granting Motion to Vacate Default; Order Denying Motion for Default (Doc. #21);

h) Trial Scheduling Conference -July 10, 2012;

i) Scheduling Order (Doc. #30);

j) Defendant's First Set of Interrogatories-July 5, 2012;

k) Plaintiff's Responses to Defendant's First Set of Interrogatories-August 9, 2012.

In addition to the above, on August 23, 2012, Mr. Roth filed the Motion for Summary Judgment (Doc. #33) which is currently pending. On August 29, 2012, Ms. Polanco filed her Motion for Abstention (Doc. #34) in which she requests that this Court abstain for hearing and adjudicating her personal injury claims since those claims are "based solely on state law [and]

---

[1] Notably, in her bankruptcy complaint, Ms. Polanco did not include the personal injury claims which are the subject of the state court action. The only claim pending in this case is the 11 U.S.C. § 523(a)(6) claim which is within the exclusive federal jurisdiction of this Court. The personal injury claims remain in the Adams County District Court, albeit stayed per 11 U.S.C. § 362. *See* Exh. A (Bankruptcy Status Report).

2

cannot be tried by the bankruptcy court pursuant to 28 U.S.C. § 157(b)(5)..." *See* Doc. #34 at 6. As demonstrated below, there is no basis for abstention.

## ARGUMENT

I. There Are No State Claims Pending In This Court.

The entire premise of the motion for abstention is that Plaintiff's personal injury claims are pending in this Court. Plaintiff is mistaken since the only claim in this case is Plaintiff's claim that Mr. Roth's "indebtedness to Plaintiff is nondischargeable in this bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(6)." *See* Doc. #1 at 5. A nondischargeability claim is a core proceeding under 28 U.S.C. § 157(b)(2)(I) within the exclusive jurisdiction of the federal courts and, as such, is not subject to abstention or deferral to a state court. *See e.g., In re Applied Thermal Systems,* 294 B.R. 784, 787 (Bktcy. N.D. Okla. 2003) ("[C]ore proceedings implicate the peculiar rights stemming from bankruptcy and have no existence in another forum;..."). Courts are guided by notions of judicial abstention which include the premise that federal courts should exercise their jurisdiction if it exists and that abstention is the exception rather than the rule. *In re Williams,* 256 B.R. 885, 893 (B.A.P. 8th Cir. 2001).

Furthermore, even if there were state, non-core claims (e.g., personal injury) in this case, abstention would not empower the state court to resolve any claims against the debtor. As noted by the Tenth Circuit, "[A] decision to abstain affects the power of the court presiding over the bankruptcy only, and does not give any other entity the power to resolve claims involving the debtor or the estate. Even where the court has abstained pursuant to *§ 1334(c)*, the stay granted under *§ 362* must be modified in order to allow the resolution of claims other than in the court with jurisdiction over the bankruptcy." *Pursifull v. Eakin,* 814 F.2d 1501, 1505 (10th Cir. 1987);

3

*see also, In re Randall Enterprises Inc.* 115 B.R. 292, 295 (Bktcy. D. Colo. 1990). Here, Ms. Polanco has failed to file the appropriate motion to lift the stay under 11 U.S.C. 362(d)(1)[2] or to follow the procedures mandated by Local Rule 4001(a)(4).

## Conclusion

The parties have expended considerable time and expense prosecuting this action and have received affirmative procedural orders from this Court which could have been obviated had Ms. Polanco filed the appropriate motion for relief from stay at the inception of this matter many months ago. *Cf. Riggs v. Plaid Pantries, Inc.,* 233 F. Supp. 2d 1260 (D. Or. 2001*)* (plaintiff's motion to remand her case to state court was denied after she moved for the entry of default and for default judgment to be entered against one of the defendants). Furthermore, Ms. Polanco filed a proof of claim based on her personal injury claims and has received financial compensation through the claims allowance process. *See* Doc. #38 (Case:11-34121-MER) Trustee's Final Account at 4.[3] By participating in and benefitting from the bankruptcy process, Ms. Polanco should be precluded form short circuiting the dischargeablity proceedings under § 523(a)(6).

Accordingly, and for all of the foregoing reasons, Ms. Polanco's motion for abstention should be denied. Since there is no basis, factually or legally, for the abstention motion, Defendant requests an award of attorney fees due to the frivolousness of Plaintiff's motion. Defendant seeks any further relief deemed appropriate by the Court.

---

[2] *See e.g., In re Busch* 294 B.R. 137, 141 (BAP 10th Cir. 2003)(outlining cause factors under § 362).

[3] *See, e,g., In Re Simon*, 153 F.3d 991, 997 (9th Cir. 1998)("When a creditor submits to bankruptcy court jurisdiction by filing a proof of claim in order to collect all or a portion of a debt, it assumes certain risks. For example, the creditor loses the right to a jury trial on any counter-claims filed by the debtor or the trustee. *See Langenkamp,* 498 U.S. at 44-45. In addition, the creditor loses previously-held rights to assert "legal claims" against the debtor and his estate; bankruptcy "converts the creditor's legal claim into an equitable claim to a pro rata share of the res." *Katchen,* 382 U.S. at 336").

Respectfully,

*/s/ Manuel J. Solano*

Manuel J. Solano, Esq., #7646
*Attorney for Defendant*
12000 N. Washington St. Ste 310
Thornton, CO 80241
Email:solanolaw@earthlink.net
Phone: (303) 457-2000

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing DEFENDANT'S RESPONSE TO MOTION FOR ABSTENTION   was served via the USPS, postage prepaid to the following address this 10th day of September, 2012.

Traylor Law Group
Whitney C. Traylor
1721 High St.
Denver CO 80218

**Original Hand Delivered on September 10, 2012 to:**
The Clerk of the United States Bankruptcy Court
For the District of Colorado
721 19th St.
Denver, CO 80202

*/s/ Manuel J. Solano*

12000 N. Washington St. Ste 310
Thornton, CO 80241

5



| REVIEWED WITH ORDER | The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 14 days from the date of this order. |



**C. Scott Crabtree**
**District Court Judge**
DATE OF ORDER ON ATTACHMENT

EFILED Document – District Court
CO Adams County District Court 17th JD
2010CV832
Filing Date: Jul 25 2012  9:53AM MDT
Transaction ID: 45535389

---

DISTRICT COURT, ADAMS COUNTY, COLORADO

1100 Judicial Center Drive
Brighton, CO  80601

**Plaintiff:**

TASHEENA POLANCO

v.

**Defendants:**

JOE ROTH, an individual;

ROTH'S AUTO, a Colorado company.

▲ **COURT USE ONLY** ▲

**Attorney for Plaintiff :**

Whitney Traylor
Traylor Law Group, LLC
1721 High Street
Denver, CO 80218
Telephone: 303-321-1862
Fax: 303-837-1214
Email: wtraylor@traylorlawgroup.com

Case Number:  2010-cv-832

Division: C

### BANKRUPTCY STATUS REPORT

Plaintiff Tasheena Polanco ("Plaintiff" or "Polanco"), by and through her attorneys, the Traylor Law Group, LLC, submits this Status Report regarding the bankruptcy of Defendant Joe Roth ("Defendant" or "Roth"):

1. This matter was stayed on October 25, 2011, as a result of Defendant filing a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Colorado, Case No. 11-34121-MER. On March 6, 2012, Defendant was granted a discharge under 11 U.S.C. § 727. Plaintiff filed a Proof of Claim on March 14, 2012.

2. Plaintiff is currently contesting the dischargeability of Defendant's debt to Plaintiff. On January 4, 2012, Plaintiff filed an adversary complaint in the United States Bankruptcy Court for the District of Colorado, Case No. 12-1010-MER, objecting to the



DEFENDANT'S EXHIBIT A

dischargeability of Defendant's indebtedness to Plaintiff on the grounds that the debt is the result of a willful and malicious injury.

3. The adversary proceeding is still pending. A trial scheduling conference is currently scheduled for December 18, 2012.

WHEREFORE, Plaintiff respectfully requests that the stay remain in effect pending the outcome of the adversary proceeding.

DATED: July 20, 2012.

        Respectfully submitted,

        **TRAYLOR LAW GROUP, LLC**

        s/Whitney C. Traylor
        Whitney C. Traylor
        1721 High St.
        Denver, CO 80218
        Phone: (303) 321-1862
        Facsimile: (303) 837-1214
        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, I caused a true and correct copy of the foregoing **BANKRUPTCY STATUS REPORT** to be mailed via LexisNexis File and Serve to the following:

Joe Roth
1690 E. 112th Ave.
Northglenn, CO 80233

        s/Craig T. Truitt



> This document constitutes a ruling of the court and should be treated as such.

|  |  |
|--:|:--|
| Court: | CO Adams County District Court 17th JD |
| Judge: | Charles Scott Crabtree |
| File & Serve Transaction ID: | 45462952 |
| Current Date: | Jul 25, 2012 |
| Case Number: | 2010CV832 |
| Case Name: | POLANCO, TASHEENA vs. ROTH, JOE |
| Court Authorizer: | Charles Scott Crabtree |

**Court Authorizer Comments:**

This matter will continue to be stayed and administratively closed. If the bankruptcy matter has not been resolved by December 15, 2012 please file a further status report. Thank you.

**/s/ Judge Charles Scott Crabtree**